# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINE HARRIS, | : Civil No. 3:16-cv-1965 |
| Plaintiff | : (Judge Mariani) |
| v. | : |
| TAMMY FERGUSON, et al., | : |
| Defendants | : |

## MEMORANDUM

### I. Background

Plaintiff, Antoine Harris, an inmate currently confined at the State Correctional Institution, Benner Township ("SCI-Benner Township"), in Bellefonte, Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The named Defendants are Warden Ferguson, Prison Rape Elimination Act ("PREA") Coordinator Rossman, Lieutenant Hormburger, Lieutenant Wain, and Correctional Officer Stanley. (Doc. 1, p. 2). Harris alleges that Defendant Stanley verbally sexually harassed him in violation of the PREA and the cruel and unusual punishment clause of the Eighth Amendment. (Doc. 1, pp. 6-7, ¶¶ 13, 15, 22). Harris alleges that he reported this behavior, but Defendant Rossman failed to properly handle his complaint. (Doc. 1, p. 7, ¶ 18). He further asserts that he was issued a misconduct by Defendant Hormburger in retaliation for his complaint. (Doc. 1, p. 7, ¶¶ 19-20).

Presently pending before the Court is Defendants' motion for summary judgment

pursuant to Federal Rule of Civil Procedure 56. (Doc. 13). Despite being directed to file a brief in opposition to Defendants' motion, Harris failed to oppose the motion. (*See* Doc. 16). Consequently, the motion is deemed unopposed and ripe for disposition. *See* L.R. 7.6 ("Any party opposing any motion . . . shall file a brief in opposition . . . [or] shall be deemed not to oppose such motion"). For the reasons set forth below, the Court will grant the motion for summary judgment.

## II. Summary Judgment Standard of Review

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S.

at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

3

*Id.* (internal quotations, citations, and alterations omitted).

## III.  Statement of Undisputed Facts[1]

The Pennsylvania Department of Corrections ("DOC") has an appeal process through which an inmate can appeal a finding of guilt at a misconduct hearing. (Doc. 14, ¶ 2; Doc 14-1, Declaration of Joseph Dupont ("Dupont Decl."), ¶ 5). Pursuant to Administrative Directive 801 ("DC-ADM 801"), once an inmate is found guilty of a misconduct charge, he may appeal the decision to the Program Review Committee ("PRC"). (Doc. 14, ¶ 3; Doc 14-1, Dupont Decl., ¶ 9). If the inmate is dissatisfied with the PRC's response, he may appeal to the Superintendent of the facility. (Doc. 14, ¶ 4; Doc 14-1, Dupont Decl., ¶ 10). The inmate may then file a further appeal to the Office of the Chief Hearing Examiner. (Doc. 14, ¶ 5; Doc 14-1, Dupont Decl., ¶ 11).

Harris was issued misconduct number B997699 for lying to an employee. (Doc. 14, ¶ 6; Doc 14-1, Dupont Decl., ¶ 7; Doc. 14-1, p. 52). Harris did not appeal the misconduct to the Office of the Chief Hearing Examiner. (Doc. 14, ¶ 7; Doc 14-1, Dupont Decl., ¶¶ 12-13).

---

[1]  Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues for trial. *See id.* Unless otherwise noted, the factual background herein derives from the Defendants' Rule 56.1 statements of material facts. (Doc. 14). Harris did not file a response to Defendants' statement of material facts. The Court accordingly deems the facts set forth by Defendants to be undisputed. *See* LOCAL RULE OF COURT 56.1. *See also* (Doc. 16, ¶ 2(b)) (advising Harris that failure to file a responsive statement of material facts would result in the facts set forth in Defendants' statement of material facts being deemed admitted).

## IV. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A. Retaliation Claim

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion requirement is mandatory, see Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion

5

requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000) (same), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Courts have also imposed a procedural default component on the exhaustion requirement, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004). Inmates who fail to fully, or timely, complete the prison grievance process, or who fail to identify the named defendants, are barred from subsequently litigating claims in federal court. *See Spruill*, 372 F.3d 218. An "untimely or otherwise procedurally defective administrative grievance" does not satisfy the PLRA's exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Thus, the PLRA mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Id.* at 92.

As stated *supra*, the DOC has an Inmate Discipline Policy that provides the administrative procedure for addressing inmate violations of the DOC rules and policy, contained in DC-ADM 801. *See* (Doc. 14-1, pp. 6-50); *see also* www.cor.state.pa.us, DOC Policies, Policy No. DC-ADM 801, Inmate Discipline. If an inmate violates a rule or

regulation, the matter is resolved either informally or formally. *Id.* If resolved formally, a misconduct is issued. *Id.* Under DC-ADM 801, when an inmate receives a misconduct report or rule violation, the initial misconduct is heard by a Hearing Examiner. DC-ADM 801 § 5.A.1. An inmate who has been found guilty on a misconduct charge may then, within fifteen days of the hearing, file an appeal to a Program Review Committee by using the DC-141, Part II(E), Misconduct Hearing Appeal form. DC-ADM 801 § 5.A.1. The PRC will then review the appeal and make a decision. DC-ADM § 5.A. Within seven days of that decision, the inmate may file a second level appeal to the Superintendent/Facility Manager. DC-ADM 801 § 5.B.1. Finally, the inmate may appeal to the Office of the Chief Counsel. DC-ADM 801 § 5.C.1. Once all of these steps are pursued, an inmate will be deemed to have exhausted administrative remedies.

Harris claims that he was issued a misconduct by Defendant Hormburger in retaliation for his complaint about the alleged verbal sexual harassment. (Doc. 1, p. 7, ¶¶ 19-20). The evidence reflects that on June 26, 2016, Harris was issued misconduct number B997699 for lying to an employee. (Doc. 14-1, p. 52). The hearing examiner found Harris guilty of the charge. (*Id.*). On appeal, the PRC upheld the hearing examiner's decision. (*Id.*). Harris did not file any further appeals. (*Id.*).

A declaration under penalty of perjury submitted by Joseph Dupont, Hearing Examiner for the Department of Corrections, confirms that based on a review of the

7

misconduct history for Harris, he was issued misconduct number B997699 for lying to an employee. (Doc. 14-1, Dupont Decl., ¶¶ 1, 6-7, 12-13). Dupont further declares that Harris failed to appeal this misconduct to the Office of the Chief Hearing Examiner. (*Id.* at ¶¶ 12-13).

The uncontroverted evidence establishes that Harris failed to exhaust his administrative remedies regarding misconduct number B997699, which forms the basis for his retaliation claim. The record reflects that he failed to appeal to the Chief Hearing Examiner's Office and thus failed to fully exhaust the administrative remedies. Harris fails to offer any evidence that he properly utilized the DOC's Inmate Discipline Policy with respect to misconduct number B997699. The Court finds that, based on the undisputed record, summary judgment is warranted on the retaliation claim as it clearly was not properly exhausted through DC-ADM 801.

### B. Sexual Harassment Claim

Harris alleges that he was subjected to verbal sexual harassment by Defendant Stanley. (Doc. 1, p. 6, ¶ 13). As to Harris' claim that Defendant Stanley made a sexually suggestive statement to him, it is well-settled that the use of words, no matter how violent, is not actionable under 42 U.S.C. § 1983. *See Marten v. Hunt*, 479 F. App'x 436 (3d Cir. 2012); *Lewis v. Wetzel*, 153 F.Supp.3d 678 (M.D. Pa. 2015). The Court will grant Defendants' motion for summary judgment as to Harris' claim of verbal harassment.

8

Harris also fails to state a claim under the Eighth Amendment for sexual harassment. Although the Third Circuit Court of Appeals has not addressed the circumstances under which a correctional officer can be held liable for the sexual harassment of an inmate, other circuits have addressed this issue. "To prevail on a constitutional claim of sexual harassment, an inmate must . . . prove, as an objective matter that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas v. Vault*, 109 F.3d 1335, 1338 (8th Cir. 1997). "Courts of appeals have held that sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction." *Chambliss v. Jones*, 2015 WL 328064, at *3 (M.D. Pa. Jan. 26, 2015) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (acknowledging the presence of an Eighth Amendment violation when an inmate endures verbal sexual harassment from prison guards plus physical sexual assault or threats of physical sexual assault); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (noting that verbal sexual harassment without accompanying physical contact is not enough to state a claim for Eighth Amendment violation); *Murray v. U.S. Bureau of Prisons*, 106 F.3d 401 (6th Cir. 1997) (finding that offensive remarks regarding a transsexual prisoner's appearance, lifestyle, and presumed sexual preference do not state an Eighth Amendment claim); *Morales v. Mackalm*, 278 F.3d 126, 129 (2d Cir. 2002) (concluding that a demand for sex in front of other female staff does not rise to the level of an Eighth Amendment

violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (holding that severe verbal sexual harassment and intimidation are not sufficient to state a claim under the Eighth Amendment); *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006) (remarking that solicitation of prisoner's masturbation, even under the threat of retaliation, does not violate the Eighth Amendment)).

Harris' claims against Defendant Stanley are based solely on alleged verbal abuse and a sexually charged comment. There is no evidence or allegation of any direct physical contact or pain. Consequently, Harris' claim does not rise to the level of an Eighth Amendment violation and Defendants' motion for summary judgment will be granted on the sexual harassment claim.

### C. Prison Rape Elimination Act Claim

To the extent that Harris attempts raise a claim pursuant to the Prison Rape Elimination Act, this claim must fail. The PREA does not provide a private right of action and Harris is thus prohibited from asserting a claim pursuant to PREA. *See Washington v. Folino*, 2013 WL 998013, at *4 (W.D. Pa. Feb. 28, 2013) (holding that violations of the Prison Rape Elimination Act do not create a private cause of action); *Nestor v. Dir. of NE. Region Bureau of Prisons*, 2012 WL 6691791, at *3 (D.N.J. Dec. 20, 2012) (granting summary judgment to defendants on the plaintiff's attempt to recover under PREA). Consequently, Defendants' motion for summary judgment will be granted on the PREA

10

claim.

## D. Failure to Allege a Physical Injury

Harris seeks compensatory damages as a result of the alleged verbal abuse. (Doc. 1, pp. 3, 7). However, absent an allegation of physical injury, Harris cannot obtain compensatory damages. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000) (concluding that mental and emotional distress cannot support a claim for compensatory damages). Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *See Martinez v. United States*, 2012 U.S. Dist. LEXIS 129809, 29-30 (M.D. Pa. 2012) (recommending that the motion to dismiss the prisoner's claim for compensatory damages be granted because he did not allege any physical injury attributable to emotional distress from the defendants' actions), *adopted by*, 2012 U.S. Dist. LEXIS 129815 (M.D. Pa. 2012) (citing *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003)). "[T]he law is clear that an inmate cannot recover for emotional injury if no physical harm is stated." *Morales v. Beard*, 2011 U.S. Dist. LEXIS 78308, *19 n.9 (M.D. Pa. 2011), *adopted by*, 2011 U.S. Dist. LEXIS 78303 (M.D. Pa. 2011). Accordingly, Harris' claim based on emotional injury must be dismissed Defendants' motion will be granted on this ground.

11

## E. Official Capacity Claims

The Eleventh Amendment provides that each state is a sovereign entity and a sovereign is not amenable to suit unless it consents. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *see also Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). The Commonwealth of Pennsylvania has expressly withheld its consent to be sued. *See Lavia v. Pa., Dept. of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000); *Williard v. Pennsylvania*, 1996 U.S. Dist. LEXIS 8407, 8420 (E.D. Pa. 1996) (stating, it is a "well-established proposition that the Commonwealth of Pennsylvania has not consented to actions against it in federal court, and thus has not waived its Eleventh Amendment immunity from lawsuits by its citizens"). Further, claims against state officials in their official capacities are suits against the state and thereby barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

Harris is suing five employees of the Pennsylvania Department of Corrections. To the extent that Harris is suing the Defendants in their official capacities, Defendants enjoy Eleventh Amendment immunity from suit for acts taken in their official capacities, and any official capacity claims will be dismissed. *See* (Doc. 1) (stating that each Defendant is sued

in their individual and official capacities).

### F. Personal Involvement

Defendants Ferguson, Rossman, and Wain argue that Harris fails to state a claim against them because they lack personal involvement in the alleged wrongs. (Doc. 1, pp. 12-14). The Court agrees.

Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

Harris alleges that Defendant Ferguson, in her role as warden, "is legally responsible

for the operations of SCI-Benner Township and for the safety and welfare of all inmates of that prison," and she "allowed her staff to file a misconduct." (Doc. 1, pp. 3, 5, 7, ¶¶ 4, 19). The claims asserted against Defendant Ferguson are premised upon her supervisory position. Harris does not allege that Defendant Ferguson issued the misconduct; instead, he acknowledges that Defendant Hormburger issued the misconduct. (Doc. 1, p. 7, ¶ 20). Based upon an application of the above standards, the allegations against Ferguson based on her supervisory role are insufficient to satisfy the personal involvement requirement standard of *Rode*. Accordingly, Defendants' motion for summary judgment will be granted on this ground.

With respect to Defendant Rossman, the complaint alleges that Harris "wrote a request" to Rossman, and that she "failed to ensure that the 'PREA' Complaint was handled properly and failed to ensure that the plaintiff was not retaliated against for filling [sic] a valid 'PREA' Complaint." (Doc. 1, p. 7, ¶ 18). Because the Court finds that Harris is prohibited from asserting a claim pursuant to PREA, the Court likewise finds that any claim that the PREA complaint was handled improperly must fail. Moreover, a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prisoner's complaint or an official grievance, does not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct. *See, e.g., Rode*, 845 F.2d at 1207-08 (concluding that after-the-fact review of a grievance is

insufficient to demonstrate the actual knowledge necessary to establish personal involvement).

Regarding Defendant Wain, a review of the complaint confirms that aside from listing him as a Defendant, Harris fails to specifically allege any personal involvement by this Defendant in any alleged constitutional deprivation. *See* (Doc. 1). To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a constitutional right by a person acting under color of state law. *See West*, 487 U.S. at 48. "A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach." *Charles v. Sabol*, 2009 U.S. Dist. LEXIS 49680, *6 (M.D. Pa. 2009) (citing *Martinez v. California*, 444 U.S. 277, 285 (1980)). "[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim." *Cross v. Losinger*, 2007 U.S. Dist. LEXIS 22336, *4 (M.D. Pa. 2007) (citing *Rizzo*, 423 U.S. 362; *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976)). There is not a shred of evidence that Defendant Wain was involved in the alleged unconstitutional conduct. Consequently, Defendant Wain is entitled to an entry of judgment in his favor based on lack of personal involvement in the alleged wrongs.

## V.    **Conclusion**

Based on the foregoing, Defendants' motion (Doc. 13) for summary will be granted.

A separate Order shall issue.

Date: August 22ⁿᵈ, 2017

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge